# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
*8:44 am, May 08, 2026*
JEFFREY P. COLWELL, CLERK

Civil Action No. ______________________________
(To be supplied by the court)

Billy DeLacey,

Plaintiff

v.

Voice Search Local, LLC,
a Florida limited liability company, and

John Doe(s)

Defendants

**Jury Trial requested:**
**X Yes ___ No**

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Billy DeLacey, PO Box 40735, Grand Junction, CO 81504
(Name and complete mailing address)

970-773-8252, billydelacey@gmail.com
(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Voice Search Local, LLC
1701 SE Tiffany Ave, Suite 105, Port Saint Lucie, FL 34952
(Name and complete mailing address)

772-807-1045, customersupport@vsslocal.com
(Telephone number and e-mail address, if known)

Additional Defendant(s): John Doe(s), mailing address TBD upon discovery
(Name and complete mailing address)

______________________________
(Telephone number and e-mail address, if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

47 U.S.C. § 227

47 C.F.R. § 64.1200

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227), Prerecorded and/or automated calls to a cellular telephone without consent.

Supporting facts:

1. Beginning on January 26th, 2026, defendant Voice Search Local, LLC, and/or persons acting on its behalf, began placing repeated telemarketing calls to my cellular telephone.

2. The telephone number at issue is assigned to my cellular telephone service and is publicly listed in connection with my business located in Colorado.

3. These calls advertised or attempted to sell marketing or "voice search" business services.

4. These calls constituted "telephone solicitations" and "telemarketing" as defined under 47 C.F.R. § 64.1200.

5. Many of the calls used prerecorded or artificial voice messages, including menu prompts such as "press 0 to speak with a representative," and "press 9 to opt out."

6. The defendants placed the calls using equipment with the capacity to store or produce telephone numbers using a random or sequential number generator and to dial such numbers, and/or using an artificial or prerecorded voice.

7. When calls were answered, callers identified themselves as being associated with "Voice Search" or "Voice Search Local."

8. The calls were made by or on behalf of defendant Voice Search Local, LLC, including through its agents, contractors, or affiliates.

9. I did NOT provide prior express consent to receive these calls.

10. I had no established business relationship with the defendants.

11. On information and belief, the defendants obtained my telephone number from my publicly available business listing.

12. I attempted to opt out of the calls by:
    - Pressing the designated opt-out key, and
    - Attempting to speak with representatives and requesting that the calls stop.

13. These opt-out attempts were ignored, and calls continued.

14. The calls were made using numerous different originating telephone numbers, often sharing the same area code and prefix patterns, including repeated use of some numbers within short time periods.

15. This pattern reflects a coordinated and centralized dialing campaign utilizing number rotation and/or caller ID spoofing.

16. I have presently identified at least 93 such calls over approximately 79 days.

17. My handset logs are incomplete. My carrier, Verizon, has confirmed that additional inbound call activity exists at the network level beyond what is visible to me.

18. I am in the process of obtaining those carrier records and expect that additional calls will be identified through discovery.

19. Some calls may have been placed by additional entities whose identities are presently unknown, and I therefore name John Doe defendants pending discovery.

20. Without access to carrier and routing records, I cannot identify all entities responsible for initiating or facilitating the calls.

21. The calls were not made for emergency purposes.

22. The calls caused me annoyance, nuisance, invasion of privacy, and interference with the use of my cellular telephone, including disruption of business communications.

23. On information and belief, defendant Voice Search Local, LLC was served in a TCPA lawsuit on or about January 28th, 2026. Despite this, the defendant continued placing calls to me during the same time period, including after that date.

24. The defendants' conduct was willful and knowing.

CLAIM TWO: Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)), Failure to maintain and honor internal do-not-call procedures.

Supporting facts:

1. I incorporate all preceding paragraphs.

2. The defendants failed to maintain and implement a lawful internal do-not-call system as required by 47 C.F.R. § 64.1200(d).

3. I requested that the calls stop and attempted to opt out of future calls.

4. The defendants continued to place calls to me after such requests.

5. The defendants' continued calls demonstrate a failure to maintain or honor compliant do-not-call procedures.

6. The defendants' conduct was willful and knowing.

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1. Statutory damages of $500 for each call that violated the TCPA.

2. Treble damages of up to $1,500 per call for willful or knowing violations.

3. This court's declaration that the defendants' conduct violated the TCPA.

4. An injunction prohibiting the defendant(s) from:
   - Placing further automated or prerecorded calls to my telephone without consent; and
   - Failing to maintain lawful do-not-call procedures.

5. Permit limited discovery to identify all persons and entities responsible for the calls, including the John Doe defendants.

6. Court costs and allowable attorney's fees; and

7. Any other relief this court deems just and proper.

---

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

/s/ *Billy DeLacey*
(Plaintiff's signature)

5/7/2026
(Date)

(Revised February 2022)